### PETER TORELLO
*vs.*
### BOARD OF ZONING APPEALS OF NEW HAVEN

Superior Court      New Haven County      File No. 57261

MEMORANDUM FILED DECEMBER 28, 1939.

*Alfonce C. Fasano,* of New Haven, for the Plaintiff.

*Vincent P. Dooley,* Corporation Counsel, and *Harold C. Donegan,* Assistant Corporation Counsel, of New Haven, for the Defendant.

FOSTER, J.   On November 23, 1938, Charles T. Lincoln Company, acting as agent for Peter Torello, the plaintiff in this case, sought permission from the Board of Zoning Appeals to use the property known as 301 Orchard Street in New Haven as a mortuary parlor.   On December 6, 1938, the claims of Peter Torello were submitted to the Board of Zoning Appeals. Later the board acted favorably upon the petition and on January 24, 1939, sent to Peter Torello a letter as follows: "The Board grants you permission to use the property at 301 Orchard Street as a mortuary parlor as requested in your appeal dated November 23, 1938.

"Before making any proposed alterations it will be necessary for you to obtain a permit from the Building Inspector's office. Permission hereby granted by the Board will be null and void unless exercised within six months from the date hereof."

Within the statutory period, on February 8, 1939, Grace Hospital, a party interested in the matter, appealed from the decision of the Board of Zoning Appeals to this court, which appeal was returnable on the first Tuesday of March, 1939.   On April 18, 1939, this court (Daly, J.) rendered judgment vacating the order of the Board of Zoning Appeals (Superior Court for New Haven County, No. 56466).

On May 13, 1939, Peter Torello filed a motion in this court for permission to intervene as co-defendant in the appeal of Grace Hospital against the Zoning Board of Appeals, which motion was denied (Daly, J.).

On May 13, 1939, Peter Torello filed a motion in this court that the judgment in case No. 56466 be opened, which motion was denied (Daly, J.).   The plaintiff in this action immediately after receiving permission from the Zoning Board of Appeals, dated January 24, 1939, purchased the property in question and proceeded to spend a substantial sum of money in renovating

and changing the condition of the building thereon. He did it upon the strength of the letter received from the Board of Zoning Appeals and had no knowledge of the appeal by Grace Hospital until after that appeal had been decided on April 18, 1939.

On May 18, 1939, Peter Torello appealed to the Board of Zoning Appeals for permission to use the same premises as a mortuary parlor and, by reason of the judgment of the Superior Court relative to the same premises, the Board of Zoning Appeals denied Peter Torello permission to use such premises as a mortuary parlor. From such action of the Board of Zoning Appeals, Peter Torello brings this appeal to this court.

The principal complaint of the plaintiff is that he received no notice of the appeal of Grace Hospital and that he proceeded to spend a substantial sum of money upon written permission granted by the Board of Zoning Appeals and that he thereby acquired a vested right of which thus far he has been deprived.

The error in the logic of the appellant's claim lies in the fact that notwithstanding he had no notice of the appeal of Grace Hospital and notwithstanding the receipt by him of written permission from the Board of Zoning Appeals, the law relative to the right of appeal by any interested party within a specified time he was bound to know. He had no vested right in the use of these premises as desired by him until the rights of others had been extinguished. Grace Hospital had the right of appeal and exercised such right with such success that the permission granted to Torello was vacated and nullified.

Upon his motion to intervene as party defendant and upon his motion to open the judgment in this court, Torello had the right of appeal which he did not exercise.

When the matter from which this appeal is taken came before the Board of Zoning Appeals, while it may be true that the physical condition of the property and its surroundings were the same as when it considered the matter in January, 1939, nevertheless, it had been decided by a court of competent jurisdiction in the matter that its action then taken was erroneous and null and void. The Board of Zoning Appeals could, therefore, take no other action than that which is the basis of this appeal.

The appeal of Peter Torello from the Board of Zoning Appeals is denied and dismissed.